IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| JOSEPH BOERCKEL and SAMANTHA DALY, | Case No. 18-10355 (JKF) |
| Debtors | |

## OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION TO CONFIRMATION OF THE CHAPTER 13 PLAN

TO: THE HONORABLE JEAN K. FITZSIMON,
UNITED STATES BANKRUPTCY JUDGE:

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 Plan dated February 2, 2018 (the "Plan") proposed by Joseph Boerckel ("Mr. Boerckel") and Samantha Daly ("Ms. Daly" and, together with Mr. Boerckel, the "Debtors"), and in support thereof represents as follows:

### BACKGROUND

1. On or about March 3, 2014, FMFCU made certain loans, advances, and extensions of credit to the Debtors in the amount of $23,289.45 (the "Auto Loan") pursuant to the terms of that certain Loan Agreement and Consumer Credit Disclosure Statement dated March 3, 2014 (the "Loan Agreement").

2. In consideration for the Auto Loan, the Debtors gave a security interest in favor of FMFCU in the title to the collateral being purchased with the Auto Loan, a 2011 Honda Accord (VIN No. 1HGCS1B80BA012387) (the "Vehicle").

3. On January 19, 2018 (the "Petition Date"), the Debtors filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

PHIL1 6844051v.1

4. As of the Petition Date, FMFCU held a claim secured by an interest in the Vehicle in an amount no less than $8,144.66 (the "Claim").[1]

5. The Plan provides that the Debtors shall make their "regular monthly payment" directly to FMFCU on account of its Claim in the monthly amount of $0.00 pursuant to the terms of the Loan Agreement. Plan, § 4(a).

6. For the following reasons, FMFCU objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

7. The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

8. Section 1325 of the Bankruptcy Code provides that the Court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii).

9. Although the Loan Agreement provides for the repayment of the Auto Loan in full in monthly payments of $433.70, the Plan provides for the repayment of the Auto Loan in monthly payments of $0.00. See Plan, § 4(a).

10. This is an improper cram down of FMFCU's Auto Loan.

11. Because the Plan fails to comply with Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, confirmation must be denied. See 11 U.S.C. § 1325(a)(1).

## CONCLUSION

12. For the foregoing reasons, confirmation of the Plan should be denied.

---

[1] FMFCU expressly reserves the right to file proof of the Claim on or before the deadline set in this case.

PHIL1 6844051v.1

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

Respectfully submitted:

KLEHR | HARRISON | HARVEY|
BRANZBURG LLP

By:  */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated: February 24, 2018